**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

**STAUDINGER+FRANKE GMBH and ANDREAS FRANKE,**

              **Plaintiffs,**

    - against -

**PATRICK CASEY, ET AL.,**

              **Defendants.**
------------------------------------------------

13 Cv. 6124 (JGK)

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL, District Judge:**

    This is a motion by the plaintiffs for partial summary judgment and for bifurcation and severance.  The plaintiff Staudinger+Franke GMBH is a corporation engaged in commercial photography, and the individual plaintiff Andreas Franke is a photographer.  They hired the defendant MCA Creative Services Inc. ("MCA") as their agent to obtain business.  MCA collected the fees from the clients and was to remit 70% of those fees to the plaintiffs.

    It is undisputed that MCA collected fees from clients for whom the plaintiffs did work but failed to remit $400,484.97 to the plaintiffs.  The plaintiffs sued not only MCA but also the individual defendants for breach of contract and a variety of other state law theories claiming that the individual defendants were personally responsible for the debts of MCA and they had

made fraudulent transfers from MCA to which the plaintiffs should be entitled.

The plaintiffs now move for partial summary judgment on their breach of contract claim against MCA in the amount of $400,484.97.  None of the defendants have opposed that motion and it is clear that the plaintiffs are entitled to summary judgment in that amount from MCA.  Therefore judgment will be entered in favor of the plaintiffs against MCA in that amount.  Moreover, there is no just reason for delay and a partial judgment will be entered in that amount pursuant to Rule 58.

The plaintiffs also move to sever the claims to set aside and recover fraudulent transfers from the remaining claims against the individual defendants and to try those fraudulent transfer claims separately.

Under Federal Rule of Civil Procedure 42, a court may bifurcate the trial of issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).  Whether to bifurcate and sever claims is committed to the sound discretion of the trial court.  See Amato v. City of Saratoga Springs, N.Y., 170 F.3d 311, 316 (2d Cir. 1999).  The court should consider factors such as "whether bifurcation is needed to avoid or minimize prejudice, whether it will produce economies in the trial of the matter, and whether bifurcation

2

will lessen or eliminate the likelihood of juror confusion." Crown Cork & Seal Co. Master Ret. Trust v. Credit Suisse First Boston Corp., 288 F.R.D. 335, 337 (S.D.N.Y. 2013) (internal quotation marks omitted).

In this case, there is no basis for bifurcation. The plaintiffs have not attempted to define precisely which claims in the Complaint will be bifurcated and how the proof with respect to those claims will not overlap with the proof of the remaining claims. It is plain that the individual defendants would have to be witnesses at both trials because the issues will be what roles and responsibility they had at MCA and whether they transferred funds from MCA that they should not have transferred. Proof at both trials would overlap, with increased expense and burden on the individual defendants and the judicial system.

The plaintiffs argue that this Court recognized the complex issues that would be raised by the fraudulent conveyance claims at a discovery conference on May 8, 2014, and "deferred discovery on that aspect of the case" as premature. Pikus Decl. ¶ 5. Unfortunately, the Court did not have a court reporter present for that conference because the Court trusted the parties to follow the Court's directives. But the defendants more accurately depict what occurred at that conference. The

3

occasion for the discovery conference was a dispute over the request for documents by the plaintiffs.  The plaintiffs claimed that the defendants had failed to comply with the document request and the defendants contended that the document request was overly broad.  The document request was indeed egregiously overbroad.  The plaintiffs asked the defendants for literally every financial document that they had maintained or which contained substantially the same information over an approximate five year period including all canceled checks, bank statements, securities transactions, electronic transfer records, deposit slips, income tax returns, credit and debit card statements, credit applications, mortgage or loan applications, purchases of any cars, inventory, or equipment, and documents relating to jewelry, antiques, and paintings.  And then for good measure, the plaintiffs requested all documents relating to the defendants' ownership interest in any asset whatsoever "to the extent not covered above."  See Pikus Decl. Ex. F.  The request appeared to be calculated to burden and harass.  The Court did not bifurcate discovery.  Rather, the Court limited the discovery request to documents that related to MCA.

    There is no order of the Court that in any way bifurcated discovery or directed that reasonable and relevant discovery be held in abeyance.  After the conference, the Court entered a

revised scheduling order dated September 23, 2014, that extended the time to complete all discovery to October 31, 2014. There was no exception for discovery related to fraudulent transfers. The Court also directed that motions for summary judgment were to be submitted by November 21, 2014, and indicated that no pre-motion conference would be required. The plaintiffs made no applications to the Court for further discovery. If there were problems with discovery, they should have been brought to the Court's attention during discovery, not after the close of discovery.

    The plaintiffs seek to bifurcate the trial of the fraudulent conveyance claims although the exact bifurcation is unclear. They also seek additional discovery on those claims with the argument that discovery on those claims was severed and deferred. There was no severance and no deferral. Discovery is closed. In response to the defendants' protest that discovery is closed, the plaintiffs respond that this is a "straw man." But it is not. The plaintiffs use their motion for bifurcation to argue for additional discovery, but discovery is closed and there is no basis for additional discovery.

    In their reply brief, the plaintiffs argue that judicial estoppel prevents the defendants from arguing against severance and bifurcation because the defendants had originally proposed

that course of action to the Court.  However, the plaintiffs opposed such bifurcation and the Court did not accept it.  In order for the plaintiffs to invoke judicial estoppel, the Court must have accepted the defendants' position.  See New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001).  The Court did not and has never approved bifurcation in this case.

Therefore, the motion for severance and bifurcation is denied.

### Conclusion

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, they are either moot or without merit.  For the foregoing reasons, the plaintiffs' motion for partial summary judgment against MCA is **granted**, and judgment is **granted** for the plaintiffs on Count One of their Complaint against MCA in the amount of $400,484.97.  The plaintiffs' motion to sever and bifurcate claims is **denied.** **The Clerk is directed to close Docket No. 57.**

**SO ORDERED.**

**Dated:  New York, New York**
**        June 6, 2015**                    _____/s/_____
                                                **John G. Koeltl**
                                        **United States District Judge**